# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS WELKER,<br><br>Defendant. | Case No. 23-cr-070335 (NC)<br><br>**DETENTION ORDER**<br><br>Hearings: 4/5/2023 and 4/12/2023 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on April 5 and 12, 2023, held detention or release hearings for defendant Nicholas Welker. The Court concluded that Welker must be detained due to a risk of non-appearance and danger to the community, as explained further below.

Welker initially was charged by criminal complaint, but on April 5, 2023, he was arraigned and entered not guilty pleas to the 2-count Grand Jury Indictment issued in the Eastern District of New York for felony counts of (1) conspiracy to transmit threatening communications (18 U.S.C. § 875(c); and (2) transmission of threatening communications (18 U.S.C. §§ 875(c), 2, and 3551 et seq.)). Welker first appeared on March 22, 2023. He is presumed innocent of the charges and nothing in this order may be construed as evidence of his guilt. Welker was advised of his rights and appeared at the hearings with his appointed

counsel, AFPD Robert Carlin.  The prosecution was reminded of the Crime Victims Rights Act and the AUSA stated that the crime victim did not wish to present any information to the Court in connection with the detention or release decision.

Both parties presented their factual assertions by proffer.  The parties and the Court were assisted by pre-bail reports prepared by Pretrial Services and filed at Dkts. Nos. 10 and 11, supplemented by in-court presentations from Pretrial Services on both April 5 and 12.  Most significantly, Pretrial Services reported on April 12 that a space was available and the residential drug treatment program at Pathways in San Jose was willing to accept Welker into their 90-day program.  Welker's counsel assented to this proposed placement; the prosecution argued for detention.

Based on the information presented to the Court and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court determined that the prosecution has shown by more than clear and convincing that there is no combination of conditions that will reasonably assure the safety of the community.  And as to risk of non-appearance, the Court concluded that the prosecution has proven by more than a preponderance of the evidence that there is a risk of non-appearance that cannot be mitigated by any combination of conditions.  The facts underlying this conclusion are Welker's criminal history (most significantly, 2013 felony conviction for assault with force: possible great bodily injury; 2015 and 2016 misdemeanor convictions for possession of controlled substances; 2017 misdemeanor conviction for battery); a protective order against him; his multiple violations and revocations while on supervision in the last decade; his drug use and mental health; lack of present or steady employment; and last but not least the charged conspiracy to transmit threatening communications, threatening victim with the image of a gun aimed at the victim, with the words "Race Traitor" over the victim's eyes.  *See* Indictment, Overt Acts alleged.  As stated at the hearing, the Court did not reject drug treatment based on the defendant's political viewpoint.  The Court finds that Welker would benefit from drug treatment, based on the information shared with Pretrial.  But the low-security, community residential setting of Pathways would not reasonably protect the safety of the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. A separate order directs the USMS to transport the defendant in custody to the Eastern District of New York.

IT IS SO ORDERED.

Date: April 12, 2023

Nathanael M. Cousins
United States Magistrate Judge